UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Dr. James P. Seim, D.C.,

Civ. File No. 01-2434 (PAM/JGL)

Plaintiff,

v.

**MEMORANDUM AND ORDER**

National Life of Vermont,
National Life Insurance Company,
a Vermont corporation, and
UnumProvident Corporation,
a Maine corporation,

Defendants.

---

This matter is before the Court on Plaintiff's Motion for a Temporary Restraining Order. Because both parties have had an opportunity to brief the issue and both were present at the hearing, the Court will consider the Motion as one for a Preliminary Injunction. For the following reasons, the Motion is granted.

**BACKGROUND**

Plaintiff Dr. James P. Seim is a chiropractor. In 1989, he bought "own-occupation" disability insurance through Defendant National Life of Vermont. There is no dispute that Dr. Seim timely paid his premiums under the various insurance policies and that the policies were in full force and effect at all relevant times.

In April 2000, Dr. Seim was involved in a car accident in which he injured his spine, neck, and upper extremities. He contends that the accident left him permanently disabled

FILED JAN 16 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

within the meaning of the insurance policies. Specifically, he asserts that he can no longer perform the manipulations required of chiropractic work without risk of further injury and without causing himself great pain. Defendants began paying Dr. Seim disability benefits in July 2000. At Defendants' request, Dr. Seim underwent an independent medical examination in June 2001. This examination was conducted by Dr. John Dowdle, a board-certified orthopedic surgeon. Dr. Dowdle noted that if Dr. Seim performed manipulations, he would likely suffer increased pain and increased level of symptoms. However, Dr. Dowdle ultimately concluded that Dr. Seim was not disabled.

In August 2001, Defendants informed Dr. Seim that he was no longer eligible for disability benefits. He appealed the decision. In November 2001, his appeal was denied. He brought this lawsuit shortly thereafter, and now seeks injunctive relief requiring Defendants to pay him disability benefits.

According to Dr. Seim, Defendants' failure to pay his disability benefits has sent him to the brink of financial ruin. He has attempted to maintain his chiropractic practice, but his inability to perform manipulations has meant that he has had to hire another chiropractor to treat most of his patients. He contends that he has used almost all of his family's savings, and that he will soon be forced to sell his business absent an order forcing Defendants to pay him disability benefits until the merits of this case can be resolved.

Defendants respond that the independent medical exam shows that Dr. Seim is not disabled, and thus that their decision to terminate his disability benefits was justified.

Defendants also contend that any damages suffered by Dr. Seim are monetary damages and do not constitute irreparable injury that would necessitate the entry of injunctive relief. Defendants request that, if the Court decides to grants injunctive relief, Dr. Seim be required to post a bond in the amount of the benefits paid.

**DISCUSSION**

A temporary restraining order or preliminary injunction may be granted only if the moving party can demonstrate: (1) a likelihood of success on the merits; (2) that the balance of harms favors the movant; (3) that the public interest favors the movant; and (4) that the movant will suffer irreparable harm absent the restraining order. Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981). Injunctive relief is considered to be a "drastic and extraordinary remedy that is not to be routinely granted." Intel Corp. v. ULSI Sys. Tech., Inc., 995 F.2d 1566, 1568 (Fed. Cir. 1993).

Dr. Seim alleges that he will lose his business absent the issuance of an injunction. Although in the usual case the loss of income is not sufficient to show irreparable harm for the purposes of injunctive relief, this is not the usual case. Should Dr. Seim be forced to sell his business and then prevail at trial, any damages he could recover from Defendants will not be sufficient to compensate him for the loss of that business. He has succeeded in showing that he may suffer irreparable harm absent the injunction he seeks. See Gelco Corp. v. Coniston Partners, 811 F.2d 414, 420 (8th Cir. 1987) (noting that courts have found irreparable harm where a party's "allegedly unlawful actions . . . will cause another's

ongoing business to terminate absent an injunction").

Dr. Seim has also succeeded in showing that he is likely to succeed on the merits of his claims. His treating physicians recommend that Dr. Seim not return to performing manipulations. Defendants are essentially substituting the opinion of a one-time examiner for those of physicians who have treated Dr. Seim for a number of years. A jury could reasonably credit the opinions of the treating physicians and conclude that Dr. Seim is indeed disabled.

The balance of the harms also weighs in favor of the issuance of an injunction. As noted above, Dr. Seim has shown that he will suffer irreparable harm without the injunction. Any harm to Defendants is certainly not irreparable. Moreover, public policy does not weigh against the issuance of an injunction.

Having considered the Dataphase factors, the Court determines that an injunction should issue.

**CONCLUSION**

For the foregoing reasons, and upon all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for injunctive relief (Clerk Doc. No. 2) is **GRANTED**;
2. Defendants are hereby **ORDERED** to pay Plaintiff disability and overhead business expense benefits from August 1, 2001, until this matter is adjudicated or this Order is dissolved; and

3. Pursuant to Fed. R. Civ. P. 65, within ten days from the date of this Order, Plaintiff shall post a bond in the amount of $5,000 to secure this Preliminary Injunction. In lieu of a bond, Plaintiff may post cash or its equivalent with the Clerk of Court.

Dated: January 16, 2002

Paul A. Magnuson
United States District Court Judge